UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 03-102-KSF

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                    **OPINION & ORDER**

TERRY E. ADKINS                                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendant, Terry E. Adkins, requesting the undersigned to recuse from this matter [DE #149]. Adkins contends that a recusal is necessary due to perceived bias that could interfere with his pending 28 U.S.C. § 2255 motion.

Recusals are governed by 28 U.S.C. § 455, which provides that a judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). According to the Sixth Circuit, recusal is only necessary where a "reasonable, objective person, knowing all the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (1990). "This is an objective standard and it is not based 'on the subjective view of a party.'" *Smith v. Catepillar, Inc.*, 304 Fed.Appx. 391, 396 (6th Cir. 2008)(citing *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

Adkins' allegations of bias are based on one comment made during his sentencing on May 24, 2004, addressing compassion for the victims, and another comment made during his resentencing about the need to protect children from Adkins. Based on Adkins' conviction of crimes involving

child pornography, it cannot be said that these comments are objectively unreasonable. Accordingly, Adkins' motion for recusal [DE #149] is hereby **DENIED.**

This April 12, 2011.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**